WILSON TURNER KOSMO LLP
LEONID M. ZILBERMAN (182829)
SABA ZAFAR (271963)
MELLANIA E. SAFARIAN (313100)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail:  lzilberman@wilsonturnerkosmo.com
E-mail:  szafar@wilsonturnerkosmo.com
E-mail:  msafarian@wilsonturnerkosmo.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE KIRVEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 through 50,<br><br>Defendants. | Case No. 5:24-cv-2308<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. SECTIONS 1332(A)(1), 1441 (DIVERSITY)]**<br><br>Complaint Filed:  August 28, 2024 |

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), Defendant HOME DEPOT U.S.A., INC. ("Home Depot") hereby removes this action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, on the grounds that: (1) Plaintiff FRANKIE KIRVEN ("Plaintiff") is a "citizen of a State different from" Home Depot; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

///

///

## I. PROCEDURAL BACKGROUND

1. On August 28, 2024, an action was filed in the Superior Court for the State of California, County of San Bernardino, entitled *Frankie Kirven v. Home Depot U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive,* Case No. CVSB2426535 (the "Complaint").

2. The Complaint alleges the following causes of action against Home Depot: (1) Retaliation in Violation of California Labor Code section 1102.5; (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Permit Inspection of Personnel and Payroll Records (Labor Code sections 226(b); 1198.5); and (4) Unfair and Unlawful Business Practices (Bus. & Prof. Code sections 17200, *et. seq.*).

3. On September 30, 2024, Plaintiff served Home Depot's agent of service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; and (d) Notice of Trial Setting Conference and Notice of Case Assignment. A true and correct copy of the Summons, Complaint, and Proof of Service of Summons is attached hereto as **Exhibit A**. A true and correct copy of the Civil Case Cover Sheet, Notice of Trial Setting Conference, and Notice of Case Assignment is attached hereto as **Exhibit B**. On October 29, 2024, Home Depot filed its Answer to Plaintiff's Complaint ("Answer"). A true and correct copy of the Answer is attached hereto as **Exhibit C**.

4. **Exhibits A through C** to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

## II. ALL REMOVAL REQUIREMENTS ARE MET

### A. Jurisdiction

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and may be removed to this Court by Home Depot pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action between citizens of different states and it appears on the face of the Complaint that the

///

matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

### B. Timeliness

6. This Notice of Removal is being filed within thirty (30) days after Home Depot was personally served with the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. section 1446(b).

7. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. section 1446(c).

### C. Venue

8. Removal to this Court is proper as the Superior Court of the State of California, County of San Bernardino, where this action was originally filed, is located within this district. Therefore, this Court is the "district and division within which [the removed] action is pending." 28 U.S.C. §1446(a).

### D. Complete Diversity of Parties

9. As set forth below, complete diversity exists between Plaintiff, on the one hand, and Home Depot, on the other hand.

10. On information and belief,[1] at the time of the filing of this Notice of Removal, Plaintiff was and still is a citizen of California, inasmuch as the Complaint states Plaintiff worked in Home Depot's Redlands, California store from September 15, 2021 until June 2, 2023, and Defendant's business records indicate that Plaintiff resides in California. (Exhibit A, Complaint, ¶ 3; see also Nancy Garcia Declaration ("Garcia Decl."), ¶ 4, filed herewith). Plaintiff's residence is *prima facie* evidence that Plaintiff is domiciled in California for purposes of diversity. See *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place

---

[1] A party may allege citizenship on information and belief. See *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

1 | where a person lives is taken to be his domicile until facts adduced establish the contrary." (*quoting Anderson v. Watt*, 138 U.S. 694, 706 (1891))); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure section 3612 & n.28 (3d ed. 2013) ("It is assumed . . . that a person's current residence is also his domicile . . . ."). Accordingly, Plaintiff is a citizen of California for the purpose of diversity jurisdiction.

11.  For diversity purposes, "a corporation is a citizen of: (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." *Davis v. HSBC Bank Nevada, NA.*, 557 F.3d 1026, 1028 (9th Cir. 2009); 28 U.S.C. section 1332 (c). The U.S. Supreme Court held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. section 1332 (c)(l), refers to a corporation's "nerve center" or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The Supreme Court noted that the "nerve center" will "normally be the place where the corporation maintains its headquarters." *Id.* at 93.

12.  Home Depot was, at the time this action was commenced, and still is, a corporation organized and existing under the laws of the State of Delaware. Home Depot's officers direct, control, and coordinate the corporation's activities primarily from Georgia. Home Depot's corporate headquarters and principal place of business are located in Atlanta, Georgia. (Garcia Decl., ¶¶ 2-3). Home Depot is not, and has never been, a citizen of the State of California. Accordingly, Home Depot is a citizen of either Delaware or Georgia for the purpose of jurisdiction. See 28 U.S.C. sectuin 1332(c)(1).

13.  Finally, the Complaint names defendant Does 1 through 50, inclusive. Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of the "Doe" defendants is

///

-4-    Case No. 5:24-cv-2308

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

1  disregarded for removal purposes.  Thus, complete diversity exists between the
2  parties.

3        **E.**      **The Amount in Controversy Requirement is Satisfied**

4        14.      From the face of the Complaint, the amount in controversy exceeds
5  $75,000.00, exclusive of interests and costs. The Complaint does not demand a
6  specific dollar amount, but seeks general, special, incidental, and compensatory
7  damages including, restitution and disgorgement of profits (Exhibit A, Complaint p.10
8  "Prayer for Relief"); lost wages, earnings, commissions, employee benefits, lost
9  earning capacity and future benefits (Exhibit A, Complaint p.10 "Prayer for Relief");
10 general damages for mental pain and anguish including emotional distress (Exhibit A,
11 Complaint p.10 "Prayer for Relief"); any and all statutory penalties (Exhibit A,
12 Complaint p.10 "Prayer for Relief"); prejudgment and post judgment interest (Exhibit
13 A, Complaint, p.10 "Prayer for Relief"); punitive damages pursuant to Civil Code
14 section 3294 (Exhibit A, Complaint p.10 "Prayer for Relief"); exemplary and punitive
15 damages (Exhibit A, Complaint p.10 "Prayer for Relief"); attorney's fees and costs of
16 suit (Exhibit A, Complaint p.10 "Prayer for Relief"); and any and all other relief that
17 is just proper. (Exhibit A, Complaint p.10 "Prayer for Relief").

18       15.      "The calculation of the amount in controversy takes into account claims
19 for 'general' damages, 'special' damages, punitive damages if recoverable as a matter
20 of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston*
21 *Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005). When a complaint filed in
22 state court does not demand a dollar amount, a removing party need only show it is
23 "more likely than not" that the amount in controversy exceeds $75,000. See
24 *Guglielmino v. McKee Foods Corp.* 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v.*
25 *Roadlink USA Pacific, LLC,* No. SACV 11-0445 DOC, 2011 WL 2261273, at *2
26 (C.D. Cal. June 7, 2011). Further, courts presume the plaintiff will prevail on each and
27 every one of his claims. See *Kenneth Rothschild Trust v. Morgan Stanley Dean*
28 *Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*,

1  31 F.3d 1092, 1096 (11th Cir. 1994)). The amount in controversy "encompasses all
2  relief a court may grant on that complaint if the plaintiff is victorious. <u>See</u> <u>Chavez v.</u>
3  <u>JPMorgan Chase & Co.</u>, 888 F.3d 413, 415 (9th Cir. 2018). Finally, a "defendant's
4  notice of removal need include only a plausible allegation that the amount in
5  controversy exceeds the jurisdictional threshold. Evidence establishing the amount is
6  required by section 1446(c)(2)(B) only where the plaintiff contests, or the court
7  questions, the defendant's allegation." <u>Dart Cherokee Basin Operating Co. v. Owens</u>,
8  574 U.S. 81, 89 (2014).

9        16.  **Lost Wages.** Home Depot expressly denies that Plaintiff is entitled to
10 recover lost wages. Plaintiff's seeks compensatory damages including, lost wages,
11 earnings, commissions, employee benefits, lost earning capacity and future benefits.
12 (Exhibit A, Complaint p.10 "Prayer for Relief"). Plaintiff alleges wrongful
13 termination from Plaintiff's employment. (Exhibit A, Complaint ¶¶ 24-29). The last
14 day of Plaintiff's employment with Defendant was on or around June 2, 2023. At the
15 time of Plaintiff's termination and according to official company records, Plaintiff
16 earned an hourly wage of $22.30. (Garcia Decl., ¶ 4). Prior to being terminated
17 Plaintiff alleges being a regular full-time employee and worked approximately 35
18 hours a week. (Garcia Decl., ¶ 4). From June 2, 2023, to August 28, 2024, and
19 assuming Plaintiff is not re-employed or has subsequently obtained other employment
20 since he is also seeking future lost wages and benefits, this amounts to approximately
21 320 working days (64 weeks x 5 days). By extrapolation, Plaintiff's alleged weekly
22 wages were (at a baseline) approximately $780.50 ($22.30/hour x 35 hours). Thus,
23 Plaintiff potentially seeks at least **$49,952** in lost wages alone (not including lost
24 benefits or future lost wages).

25       17.  **Civil Penalty**. Home Depot expressly denies that Plaintiff is entitled to
26 any civil penalties under Labor Code section 1102.5. Plaintiff alleges that he was
27 retaliated against by Home Depot when he was terminated due to attendance issues.
28 As such, Plaintiff is seeking a civil penalty of **$10,000** for Home Depot's alleged

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

violations of Labor Code section 1102.5. (Exhibit A, Complaint, ¶ 22, and "Prayer for Relief").

18. **Inspection of Payroll Records**. Home Depot expressly denies that Plaintiff is entitled to any penalties under Labor Code section 1198.5. Plaintiff alleges that he requested a copy of his personnel and payroll records and that Home Depot failed to permit Plaintiff to inspect these records or provide copies of the same. (Exhibit A, Complaint, ¶¶ 30-35). Plaintiff demands **$750** in penalties for the alleged violation of Labor Code section 1198.5.

19. **Emotional Distress.** Home Depot expressly denies that Plaintiff is entitled to recover damages for emotional distress. Plaintiff seeks general damages for mental pain and anguish including emotional distress (Exhibit A, Complaint p.10 "Prayer for Relief"). A court may consider that emotional distress damages "are potentially substantial" despite "[t]he vagueness of plaintiffs' pleadings." *Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 450 (S.D. Cal. 1995); see also, *Simmons*, 209 F.Supp.2d at 1034 ("[E]motional distress damages in a successful employment discrimination case may be substantial.").

20. **Punitive Damages.** Home Depot expressly denies that Plaintiff is entitled to recover punitive damages. Plaintiff's Complaint seeks unspecified amounts for "punitive damages" pursuant to Civil Code section 3294 as well as "exemplary and punitive damages." (Exhibit A, Complaint p.10 "Prayer for Relief"). "The amount in controversy may include punitive damages when they are recoverable as a matter of law." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001); see also *Anthony v. Sec. Pac. Fin'l Servs., Inc*., 75 F.3d 311, 315 (7th Cir. 1996) (holding amount in controversy may include punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount).

///

21. **Attorneys' Fees**. Finally, as stated above, Plaintiff seeks attorneys' fees and costs under Labor Code sections 226 and 1194 and Code of Civil Procedure section 1021.5. (Exhibit A, Complaint p.10 "Prayer for Relief"). Attorneys' fees are potentially recoverable under the Labor Code and Code of Civil Procedure and thus may be included in the amount in controversy analysis. See, e.g., *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute). In assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation. See *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Attorneys' fees are likely to exceed more than $75,000 alone should Plaintiff prevail. See, e.g., *Hoglund v. Sierra Nevada Memorial-Miners Hospital*, 102 Cal.App.5th 56 (2024) (affirming attorneys' fee award of $958,297 for various claims, including wrongful termination in violation of public policy); *Betancourt v. OS Restaurant Services, LLC*, 83 Cal.App.5th 132 (2022) (affirming attorneys' fee award of $280,000 despite recovery of less than $15,375 for wrongful termination and retaliation claims); *Polee v. Central Contra Costa Transit Authority*, No. 18-cv-05405-SI, 516 F.Supp.3d 993 (N.D. Cal. January 29, 2021) (awarding $344,556 in attorneys' fees in wrongful termination action).

22. Taken together, the amount in controversy "more likely than not" well exceeds $75,000. In fact, just Plaintiff's alleged lost wages to date are $49,952 and Plaintiff is also seeking civil penalties under Labor Code section 1102.5 in the amount of $10,000 totaling **$59,952**. Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant. See, e.g., *Jones v. CLP Resources, Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1,

2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010). Accordingly, the amount in controversy requirement is satisfied.

### III. HOME DEPOT HAS PROVIDED ALL REQUIRED DOCUMENTS TO THE COURT AND NOTIFIED ALL PARTIES OF REMOVAL

23. A true and correct copy of all process, pleadings and orders served in this action at the time of this removal and known to Defendant are attached as Exhibits A through C. Pursuant to 28 U.S.C. section 1446(a), and to the best of Defendant's knowledge, **Exhibits A through C** constitute all the process, pleadings, and orders served in this action at the time of this removal.

24. Promptly after the filing of such notice of removal of a civil action Home Depot shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

25. Should the propriety of removal be questioned, Home Depot requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal. See *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

### IV. CONCLUSION

For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. section 1332 and removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

Dated:   October 30, 2024          **WILSON TURNER KOSMO LLP**

By:   */s/ Mellania E. Safarian*
   LEONID M. ZILBERMAN
   SABA ZAFAR
   MELLANIA E. SAFARIAN
   Attorneys for Defendant
   HOME DEPOT U.S.A., INC.